**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**UNITED STATES OF AMERICA,**</td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**v.**</td><td></td><td>**Criminal No.: PWG-13-413**</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>**JAMES TYRONE WILLIAMS,**</td><td></td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

On July 10, 2013, Officer Dale R. Harris of the Charles County Sheriff's Office observed Defendant James Tyrone Williams enter a car in the parking lot of the Charles County Courthouse and drive out of the parking lot. Statement of Probable Cause, ECF No. 1-8, at 1. Officer Harris knew that Williams's license had been suspended and promptly stopped Williams, verified that his license was suspended, and arrested him. *Id.* Williams was cited for two violations of the Maryland Transportation Code and ordered to appear before the District Court of Maryland for Charles County. *Id.* at 1-2. Williams timely filed a Notice of Removal to the United States District Court, ECF No. 1, with the Clerk of this Court on August 7, 2013, less than thirty days after his arrest.[1] *See* 28 U.S.C. § 1455(b)(1).

Pursuant to 28 U.S.C. § 1455(a):

> A defendant or defendants desiring to remove any criminal prosecution from a
> State court shall file in the district court of the United States . . . a notice of

---

[1] Although the record does not indicate whether or when Williams was arraigned, it could not have been prior to his arrest. *Cf.* 28 U.S.C. § 1455(b)(1) (notice of removal must be filed by the earlier of thirty days after arraignment or before trial).

removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant in such action.

28 U.SC. § 1455(a). When a criminal prosecution is removed to a federal district court, the court "shall examine the notice [of removal] promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4). Removal may be permitted in certain civil rights cases, *see* 28 U.S.C. § 1443, or where the defendant is acting in his capacity as an officer of the United States, *see* 28 U.S.C. § 1442(a), or as a member of the armed forces of the United States, *see* 28 U.S.C. § 1442a. Williams's notice of removal does not allege that any of these grounds for removal exist. *See generally* Notice of Removal to the United States District Court. To the extent that Williams raises issues of federal or constitutional law, this is not a valid basis for removal of a state criminal prosecution arising out of state criminal laws.

Accordingly, there is no valid basis for removal, and it is hereby ORDERED that this case is REMANDED to the District Court of Maryland for Charles County for further proceedings.

The Clerk of the Court is directed to CLOSE this case.


Dated: <u>August 14, 2013</u>                                    _____/S/_____
                                                                                 Paul W. Grimm
                                                                                 United States District Judge

dsy